# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LINDA BOULER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VERIZON, and APPLE INC., et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br> 20-371 |

## NOTICE OF REMOVAL

Defendant Apple Inc. ("Apple") hereby gives notice of the removal of the above-styled action from the Circuit Court of Clarke County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Apple states as follows:

## BACKGROUND

1. Plaintiff Linda Bouler commenced this action on June 8, 2020, by filing a Complaint in the Circuit Court of Clarke County, Alabama. The case was assigned case number CV-2020-900057, and the entire court file is attached hereto as **Exhibit A**. The Complaint itself is attached hereto as **Exhibit B**.

2. Plaintiff alleges that, on or about January 1, 2020, she was using an "iPhone 8XR" manufactured by Apple when suddenly the phone malfunctioned and

"shocked her," causing severe injury and nerve damage to her hand and arm. Ex. B at ¶¶ 8–9. As a result, Plaintiff asserts claims of negligence and wantonness against Apple, Verizon, and fictitious defendants whose identities have not been ascertained. *Id*. at ¶¶ 11–20. Apple denies each and every of Plaintiff's claims.

## GROUNDS FOR REMOVAL

3.  This removal is based on diversity of citizenship. Under 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). "Original jurisdiction requires diversity of the parties or the existence of a federal question." *See Loss Mountain Homeowners Ass'n v. Rice*, 248 Fed. Appx. 114, 115 (11th Cir. 2007).

4.  This Court has original federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. The United States District Court for the Southern District of Alabama, Southern Division, encompasses the Circuit Court of Clarke County, Alabama, so removal to this Court is proper. *See* 28 U.S.C. § 81(c)(2) and § 1441(b).

6. Apple first determined that this case is removable through a settlement demand letter received by its undersigned counsel on July 20, 2020. *See* Settlement Demand, attached hereto as **Exhibit C**. Prior to July 20, 2020, Apple never received a settlement demand from Plaintiff, nor did it have information from which the amount in controversy and, thus, removability of this case could be ascertained. *See* Declaration of Dana De La Garza, attached hereto as **Exhibit D**. Apple files this removal within thirty (30) days of receipt of Plaintiff's settlement demand, thus removal is timely under 28 U.S.C. § 1446(b)(3).

## DIVERSITY OF CITIZENSHIP

7. Plaintiff and Defendants are citizens of different states, and no other named or served defendant is a citizen of Alabama, thus there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1) and § 1441(b).

8. Plaintiff is a resident citizen of Alabama. *See* Ex. B at ¶ 2.

9. For purposes of diversity jurisdiction, a corporation is a citizen of every state or foreign state where it is incorporated and every state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). "General partnerships, limited partnerships, joint stock companies, and unincorporated membership

associations all are treated as citizens of every state of which any partner or member is a citizen." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1089 (11th Cir. 2010) (quoting *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir. 1998)).

10. Apple is a California corporation with its principal place of business in Cupertino, California.

11. While Verizon has not yet been served in this matter, it also is diverse. Upon information and belief, the defendant designated as "Verizon Wireless" is Cellco Partnership d/b/a Verizon Wireless, which is a general partnership whose four partners are citizens of Delaware, Indiana and New Jersey. *See* Cellco Partnership d/b/a Verizon Wireless's February 18, 2019 Corporate Disclosure Statement, *Roper et al. v. Verizon Communications, Inc. et. al.*, Case No.: 5:18-cv-05270-EGS, attached hereto as **Exhibit E**.

12. The citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C. § 1441(b).

13. As no plaintiff is a citizen of the same state as any defendant, complete diversity of citizenship exits.

## AMOUNT IN CONTROVERSY

14. The amount in controversy requirement is met. "If the amount in controversy is not facially apparent from the complaint, the court looks to the notice

of removal and any evidence submitted by the parties." *Moore v. CNA Found.*, 472 F. Supp. 2d 1327, 1331 (M.D. Ala. 2007). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. 81, 89 (2014).

15. Under Section 1446(b)(3), "a copy of an amended pleading, motion, order or other paper" can be used to show removability of an action "if the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b)(3); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 757 (11th Cir. 2010). A settlement demand received from the plaintiff constitutes an "other paper" within the meaning of 28 U.S.C. § 1446(b). *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009).

16. Here, Plaintiff's Complaint does not specify the precise dollar amount Plaintiff seeks to recover; it simply states that the amount in controversy exceeds $10,000, the jurisdictional threshold for Alabama Circuit Courts.

17. Nevertheless, an amount in controversy exceeding $75,000 is established through "other papers" voluntarily submitted by Plaintiff. Specifically, in the demand letter received by Apple's counsel on July 20, 2020, Plaintiff demanded $100,000 for her alleged medical expenses, physical injury, pain and suffering, and mental anguish. *See* Ex. C.

18. Moreover, Plaintiff seeks punitive damages in connection with her wantonness claims (*see* Ex. B, Count Two) which must also be considered when determining amount in controversy. *See Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered."); *Renfroe v. Allstate Prop. & Cas. Ins. Co.*, No. CIV.A. 10-00359-CG-B, 2010 WL 4117038, at *4 (S.D. Ala. Sept. 23, 2010) ("The law is clear that the amount in controversy includes not only compensatory damages, but punitive damages as well.").

19. Thus, based on Plaintiff's recently-received demand of $100,000, plus her claim for punitive damages in her Complaint, there is "a plausible allegation" that the amount in controversy exceeds $75,000 at the time of removal, as required under 28 U.S.C. § 1332(a). *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

20. As of the date of this filing, Apple is the only properly joined and served defendant; thus, consent of other defendants is not required. 28 U.S.C. § 1446(b)(2)(A).

21. Pursuant to 28 U.S.C. § 1446(d), Apple will file a Notice of Filing Notice of Removal with the Circuit Court of Clarke County, Alabama. Copies of

that Notice, together with this Notice of Removal, are being served upon all counsel of record pursuant to 28 U.S.C. § 1446(d).

22. Apple reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Apple requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court will make the proper orders to achieve the removal of this case from the Circuit Court of Clarke County; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served in said Circuit Court.

Respectfully submitted,

*/s/ W. McKinley Dunn*
One of the Attorneys for Apple Inc.

OF COUNSEL:
Melody H. Eagan (HUR009)
meagan@lightfootlaw.com
W. McKinley Dunn (DUN063)
mdunn@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL  35203-3200
(205) 581-0700 (telephone)
(205) 581-0799 (facsimile)

## CERTIFICATE OF SERVICE

I certify that on July 27, 2020, I filed a copy of the foregoing electronically using the CM/ECF, which will send notification to counsel of record registered for CM/ECF system. I also served a copy by electronic and/or U.S. mail to:

Leston C. Stallworth, Jr.
The Stallworth Law Firm LLC
P.O. Box 1142
Monroeville, AL 36461-1142
(251) 575-5438

                                                                          */s/ W. McKinley Dunn*
                                                                          Of Counsel